## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | |
|---|---|
| JAVIER RAMIREZ, Individually and on Behalf of All Those Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> OSLEEPER MANUFACTURING CO. and JERALD CHANNELL, Jointly and Severally <br><br> Defendants. | Case No. _____ |

## COLLECTIVE ACTION COMPLAINT
### (Jury Trial Demanded)

Plaintiff, individually and on behalf of all others similarly situated, on personal knowledge and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. Defendants own and operate a furniture manufacturing company in Gainesville, Georgia called OSleeper Manufacturing Co. (hereinafter "OSleeper").

2. Plaintiff worked for Defendants' company as a furniture assembler.

1

3. Throughout Plaintiff's employment, he was paid on an hourly basis, and received no overtime premium pay during weeks when he worked in excess of 40 hours per week.

4. Plaintiff brings this action on behalf of himself, and all other similarly situated employees of Defendants, to recover unpaid overtime premium pay, owed to them pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 et seq, and supporting regulations.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, 1343. In addition, the Court has jurisdiction over Plaintiff claims under the FLSA pursuant to 29 U.S.C. § 216(b).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 a substantial part of the events or omissions giving rise to Plaintiff's claims occurred at Defendants' manufacturing company located at 456 Industrial Boulevard, Suite A, Gainesville, Georgia 30501, in Hall County, which is in the Northern District of Georgia. Therefore, venue is proper in the Gainesville division of the Northern District of Georgia.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiff:**

8. Javier Ramirez, was at all relevant times, an adult individual residing 2702 Buena Vista Circle, Gainesville, Georgia 30504, which is in Hall County.

**Defendants:**

9. OSleeper Manufacturing Co. is listed with the Georgia Secretary of State as a domestic profit corporation. However, in August 26, 2019, the Georgia Secretary of State issued an administrative dissolution of the entity for failure to file its annual registration and/or maintain a registered agent or registered office in the state. OSleeper's principal place of business is listed with the Georgia Secretary of State as: 4645 Simpson Downs, Gainesville, Georgia 30507, which is in Hall County.

10. Jerald Channell, upon information and belief is an owner, officer, director and/or managing agent of OSleeper. Mr. Channell is listed as the CEO of OSleeper with the Georgia secretary of State, and his address is listed as: 4645 Simpson Downs, Gainesville, Georgia 30507, which is in Hall County.

11. Mr. Channell participated in the day-to-day operations of OSleeper, and acted intentionally and maliciously. The Individual Defendant is considered an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d), and the regulations promulgated under 29 C.F.R. § 791.2, and is jointly and severally liable with OSleeper.

12. Upon information and belief, Jerald Channell jointly set the unlawful payroll policies complained of in this complaint for OSleeper.

13. At all relevant times, Defendants listed in this complaint have been employers of Plaintiff, and/or joint employers within the meaning of the FLSA.

14. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000, within the meaning of 29 U.S.C. § 203(s)(1)(A)(ii).

15. Additionally, upon information and belief, at all relevant times, Defendants have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce within the meaning of within the meaning of 29 U.S.C. § 203(s)(1)(A)(i), in that they operate a furniture manufacturing store that ships furniture to customers over the internet, via their website: http://www.osleeper.com/shop, to various states outside of the state of Georgia, affecting interstate commerce within the meaning of 29 U.S.C. §

203(s)(1)(A)(i). Plaintiff also handled various materials on a daily basis which were created, manufactured, or moved in interstate commerce outside of Georgia, which were necessary for the assembly of furniture, such as: industrial saws, nail guns, and work vehicles, and thus Plaintiff has individual coverage under the FLSA.

## STATEMENT OF FACTS

16. At all relevant times, Defendants have been in the furniture manufacturing industry. Defendants sell furniture that they manufacture to customers in Georgia, as well as to customers in various states around the country via their website, and ship the furniture items to their customers using shipping services such as the United States Postal Service.

17. Plaintiff was employed by Defendants as a furniture assembler from November 19, 2017 to December 16, 2020.

18. As a furniture assembler, Plaintiff's job duties included: assembling furniture, installing furniture, performing quality control inspecting, and supervising other furniture assemblers.

19. Plaintiff was an hourly employee throughout his employment for Defendants. Plaintiff's pay would increase or decrease, depending on whether he worked more

or less hours in a given week.

20. From November 17, 2017 to June 3, 2018, Plaintiff was paid $17 per hour. From June 4, 2018 to November 20, 2020, Plaintiff was paid $19 per hour.

21. Plaintiff typically worked 45 hours each week.

22. Plaintiff typically worked five days a week, Monday through Friday, but occasionally would work on Saturdays and Sundays.

23. Plaintiff typically worked from 7 a.m. to 5 p.m., and had a one-hour break each day. Thus, Plaintiff typically worked 9 hours each day, after accounting for his break. However, Plaintiff would often work longer hours at times when the company was very busy.

24. Plaintiff complained to Defendant Jerry Channel about him not receiving overtime wages. Despite Plaintiff's complaints, Defendants refused to pay Plaintiff overtime wages, and continued to pay him straight-time for all hours worked.

25. Defendants were required by law to pay Plaintiff time-and-a-half his regular wages for all hours in excess of 40 hours, but purposely chose to not to pay his overtime wages.

26. This failure to pay overtime premium wages can only be considered a willful

violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

27. Pursuant to 29 U.S.C. §§ 207 & 216(b), Plaintiff brings his First Cause of Action as a collective action under the FLSA, on behalf of himself and the following collective:

> All persons employed by Defendants, at any time from January 19, 2018 to January 19, 2021 to the entry of judgment in this case (the "Collective Action Period"), who worked as furniture assemblers, installers, quality control inspectors, stock workers, janitors, and all other hourly employees who were not paid overtime wages (the "Collective Action Members").

28. A collective action is appropriate in this circumstance because Plaintiff and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policy of failing to pay an overtime premium for work performed in excess of 40 hours per week. As a result of this policy, Plaintiff and the Collective Action Members did not receive the legally-required overtime premium payments for all hours worked in excess of 40 hours per week.

29. The exact number of employees who have suffered the same unpaid overtime wage injury as Plaintiff is unknown at this time.

## FIRST CAUSE OF ACTION
## <u>FAIR LABOR STANDARDS ACT – UNPAID OVERTIME</u>

30. Plaintiff, on behalf of himself, and the Collective Action Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

31. As a result of Defendants' failure to compensate its employees, including Plaintiff and the Collective Action Members, at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. § 207(a)(1) and 215(a), for which Plaintiff and the Collective Action Members are entitled to relief pursuant to 29 U.S.C. § 216(b).

32. Defendants failure to pay overtime wages to these hourly employees constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

33. The failure to pay overtime has caused Plaintiff to suffer lost wages and interest thereon. Plaintiff and Collective Action Members are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, attorney's fees, and costs and disbursements of the action pursuant to 29 U.S.C. §

216(b).

## PRAYER FOR RELIEF

Therefore, Plaintiff respectfully requests that this Court grant the following relief:

a. An order tolling the relevant statutes of limitations;

b. An order declaring that Defendants violated the FLSA;

c. An award of unpaid overtime wages due under the FLSA;

d. An award of liquidated damages as a result of Defendants' willful failure to pay overtime wages

e. An award of prejudgment and post-judgment interest;

f. An award of costs and expenses of this action together with attorney's fees;

g. Such other and further relief and this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: January 19, 2021

                                          Respectfully submitted,

**s/ Brandon A. Thomas**
**BRANDON A. THOMAS**
**GA BAR NO.: 742344**
The Law Offices of Brandon A. Thomas, PC
1 Glenlake Parkway, Suite 650
Atlanta, GA 30328
Tel: (678) 330-2909
Fax: (678) 638-6201
brandon@overtimeclaimslawyer.com
